IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISON

JESSIE LEE MANN                                                                  PLAINTIFF

VS.                                                              CAUSE NO.: 4:23cv45-MPM-JMV

WALMART STORES EAST, LP and
JOHN DOE 1-10                                                                  DEFENDANTS

**ORDER**

This cause comes before the court on the motion of defendant Walmart Stores East, LP for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Jessie Lee Mann has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

This is a premises liability action arising out of injuries allegedly suffered by plaintiff after a trip-and-fall incident which allegedly occurred at the Wal-Mart store in Brookhaven, Mississippi on November 21, 2021. Plaintiff's complaint alleges that she "she tripped on plastic wrapping that was attached to a wooden [pallet] negligently placed in a walkway of the aisle, with the plastic wrapping negligently allowed to be loose on the floor…" [Compl. ¶ 8]. In her brief, plaintiff describes defendant's alleged negligence in this regard as follows:

> While turning the corner from the main aisle to walk through the narrow passageway between two meat bunkers, Mrs. Mann tripped and fell on a piece of plastic wrapping hanging off one of the product pallets placed by Walmart employees. As can be seen in the surveillance footage produced in this matter and conventionally filed herewith as **Exhibit 2**, Mrs. Mann fell at 7:50 pm. In the minutes preceding, Walmart employees can be seen bringing pallets of product onto the sales floor in preparation for stocking that would take place later in the evening. The pallet at issue can be seen being brought onto the sales floor at approximately 7:39 pm. The testimony and evidence gathered in the instant cause of action will show that the product pallets are in the complete control of Walmart employees and associates, and this particular pallet was placed onto the sales floor in a dangerous condition which caused Mrs. Mann to fall and led to significant injuries to her hip.

1

[Brief at 1-2].

In seeking summary judgment, Walmart places heavy emphasis upon the testimony of plaintiff's husband, who indicated that he was unaware of exactly how she fell. Specifically, defendant writes in its brief that:

> **A. Plaintiff Cannot Show that a Dangerous Condition Caused Her to Fall.**
> Plaintiff's spouse testified that he did not personally know if Plaintiff slipped or tripped on a piece of plastic wrapping that was attached to a pallet as alleged in the Complaint:
> > Q. Okay. Do you know if it was pulled out like that before she made the turn or whether her foot caught it and pulled it out?
> > A. Well, I'm not certain her foot caught it and pulled it out. You know, we don't know if she stepped on it and went down or where it wrapped around her ankle or what. We don't know that.
>
> Id. 185: 1-7.1
> Plaintiff can offer no evidence of how exactly she fell. For this reason, this Court need not look any further and should grant summary judgment in Walmart's favor.

[Brief at 2-3]. Defendant further argues that a pallet with plastic wrapping is not a dangerous condition under Mississippi law and that, even if it is, "plaintiff did not and cannot present any evidence that this allegedly hazardous condition, if any existed, was caused by Walmart or its employees." [Brief at 5].

This court regards Walmart's arguments as reasonable ones, and it seems entirely possible that jurors will agree with them at trial. However, defendant's problem is that, at the summary judgment stage, this court is required to view the facts in the light most favorable to the plaintiff, as the non-moving party. Moreover, this court does not believe that this plaintiff-friendly standard of review allows it to make the favorable factual inferences from the evidence which defendant would have it make. This court's conclusion in this regard is strengthened by the fact that this case involves allegations of active negligence on the part of Walmart employees, and, in its experience, slip-and-fall cases involving such allegations tend to be ones in which it is more difficult for defendants to prevail on summary judgment.

Indeed, in slip-and-fall (or trip-and-fall) actions, it is well established that a store or other invitor may only be held liable if the plaintiff is able to "(1) show that some negligent act of the defendant caused her injury; (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff, or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant[.]" *Bonner v. Imperial Palace of Miss., LLC*, 117 So.3d 678, 682 (Miss. Ct. App. 2013). Based upon this authority, this court has frequently granted summary judgment to slip-and-fall defendants in cases where the plaintiff relies upon the second or third prongs for recovery, quoted above. *See, e.g. Ward v. Barden Mississippi Gaming LLC*, 2009 WL 426275, at *2 (N.D. Miss. Feb. 20, 2009). This is often made possible by the inherent nature of those prongs, since it can often be established by surveillance video or eyewitness testimony whether or not a slippery condition on a floor existed for a sufficient period of time to put the defendant on notice of the presence of the danger.

In this court's experience, however, it is often much more difficult for defendants to prevail on summary judgment in cases where the plaintiff relies upon the first prong, involving allegations of active negligence by the defendant. This is because the question of whether particular conduct was or was not negligent tends to be a fact-intensive one which leaves room for reasonable arguments on both sides. In this case, for example, this court believes that plaintiff has a reasonable jury argument that:

> The circumstantial evidence presented herein shows that the pallet was placed onto the sales floor by Walmart employees. The surveillance video and screenshots of the same show that the pallet at issue was placed onto the sales floor in a dangerous condition— with the plastic wrapping hanging off the side and onto the floor. [See **Exhibit 3**]. Furthermore, the deposition testimony and the surveillance footage show that no Walmart employees took any items off the pallet from the time it was placed onto the floor until Mrs. Mann fell approximately ten (10) minutes later. Photographs of the pallet following the incident taken by Walmart employees show the condition of the plastic wrapping

hanging off the pallet. [See **Exhibit 6**]. Based on the above referenced circumstantial evidence, the pallet was negligently placed onto the sales floor in a dangerous condition by Walmart employees and associates. Genuine issues of material fact exist whether the dangerous condition was created by Walmart or its associates, which warrants a denial of the Defendant's Motion.

[Brief at 7].

Once again, this court is presently required to view the facts of this case in the light most favorable to plaintiff, and, that being the case, it is unable to state as a matter of law that her arguments quoted above lack merit. In so stating, this court would observe that it is for a jury to decide whether a pallet with plastic hanging off its sides constituted a dangerous condition under Mississippi law, and it is not in a position to simply proclaim that it is not. This court further agrees with plaintiff that triable jury issues exist regarding whether defendant's employees committed acts of active negligence by causing such a dangerous condition to occur. The testimony of plaintiff's husband, quoted above, does not alter this conclusion. In the court's view, plaintiff's husband simply offered his honest testimony that he did not personally know whether his wife tripped on the plastic or not, but this still leaves open the possibility that jurors would *infer* from the circumstances that, given her proximity to the pallet, the most likely inference is that she did, in fact, trip on it.

Plaintiff notes that Walmart's own incident report quotes her husband as offering a belief that this is what happened. Indeed, plaintiff took the deposition of the Walmart associate, Kathy Duncan, who filled out the customer incident report and testified **as** follows:

> So when we took the incident report, Ms. Mann's husband was the one that stated to me that she had to have tripped on the plastic, but he also stated to me that he didn't see her when she fell. So when we had to put a description, you have to put a description on the claim as to what, you know, what [they are] stating actually took place. That's where that statement came from because he told me that he said -- she -- that she had to have tripped on the plastic, but he did not see it.

[Duncan Dep. Ex. A 9:14-25].  Thus, while this court does not regard this as being a particularly strong trip-and-fall case, it concludes that there is sufficient evidence of defendant's negligence to allow jurors to decide it.  Walmart's motion for summary judgment will therefore be denied.

It is therefore ordered that defendant's motion for summary judgment is denied.

This, the 26th day of September, 2024.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPP